KATHRYN T. MARTIN, Appellant, Respondent, v. FLORENCE DONAHUE, Respondent, and ANTHONY REDJIVES, Respondent, Appellant.

Third Department, July 1, 1942.

*Scheiberling & Schneider* [*John J. Donohue, Edward N. Scheiberling* and *John M. Schneider* of counsel], for the plaintiff-appellant.

*Dugan, Barkhuff & Dugan* [*Kenneth J. Dugan* of counsel], for the defendant-respondent Florence Donahue.

*O. L. Van Horne,* for the defendant Anthony Redjives.

CRAPSER, J. This is an appeal by the plaintiff from an order setting aside the verdict of the jury in favor of the plaintiff and against the defendant Florence Donahue, and dismissing the complaint upon the merits as against the said defendant.

The defendant Redjives also appeals from the order denying the motion of the defendant Redjives to set aside the verdict and dismiss the complaint as against him or for a new trial. Redjives also appeals from the order setting aside the verdict as against the defendant Florence Donahue.

On March 17, 1939, the plaintiff was a passenger in a car owned and operated by Florence Donahue, which car was being driven in a westerly direction on the Western Turnpike. The plaintiff and the defendant Donahue had lived together for many years. It was a squally morning and at times snow was falling and the windshield wipers on the car were working and the road in spots was slippery. Anthony Redjives was driving a car in an easterly direction on the Western Turnpike and was following a bus. The bus was proceeding easterly and stopped on the west side of Nor-

wood street. Norwood street is about twenty-five feet wide and the car of Florence Donahue, at the time the bus stopped, was easterly of Norwood street from fifty to seventy-five feet.

The plaintiff testified that the distance between the Redjives car and the car in which she was riding when she first saw the Redjives car was 100 to 125 feet. The Donahue woman testified that both the Redjives car and her car traveled from 50 to 75 feet from the time she saw the Redjives car.

The accident happened on the north lane of the highway, which was a two-strip concrete highway with an extra wide shoulder on the north side as shown by the exhibits.

The Donahue car was somewhere about fifty feet easterly of Norwood street when the bus stopped. The Redjives car was directly behind the bus, and when he stopped behind the bus his car skidded in a northeasterly direction, the front end being over on the north side of the center line of the highway. The middle front end of the Donahue car struck the right front wheel of the Redjives car.

No signal was given either by the Redjives car or the Donahue car in approaching Norwood street, and there were no other cars on the north side of the highway in front of the Donahue car. The Donahue car did not change its speed after the Redjives car skidded out from behind the bus. At the time of the accident the front end of the Redjives car was a little ahead of the rear end of the bus but did not reach the intersection of Norwood street according to some of the testimony.

There was a question of fact for the jury as to whether Mrs. Donahue exercised the care that a reasonably prudent person should have exercised when she was on the road with nothing ahead of her and with a wide shoulder on the north side of the road. She did not change the course of her car in any way or decrease her speed and according to her own testimony she traveled a distance of 50 or 75 feet and according to the plaintiff's version 150 feet before the collision occurred. The Donahue car was traveling about twenty-five miles an hour. The pavement was wet and it was slippery. Mrs. Donahue says she saw the bus when she got within about 100 feet of it, she did not turn her car to the right side of the road, she put on her brakes to try to avoid the accident, she did not turn off onto the shoulder because she was on her right-hand side. She admits that she did not feel the brakes take hold.

The jury after being carefully instructed by the court on the rules of law and the facts in the case brought in a verdict against both defendants for the sum of $5,000 and the court set aside the verdict as against Florence Donahue and denied the motion of Redjives to set aside the verdict against him.

It was a question of fact for the jury, under all of the evidence in the case, to determine whether Florence Donahue under all the circumstances existing at the scene of the accident exercised the care that a reasonably prudent person should have exercised; she kept on coming when she saw the front end of the Redjives car had come over on her lane of traffic; she did not turn her car off onto the shoulder which was wide and which gave her plenty of opportunity to pass. She did nothing to avoid a collision when the Redjives car skidded except to put on her brakes; about this she is not very sure.

The jury heard the evidence and saw the witnesses and it was for them to determine, and they having found a verdict against both defendants I see no reason why the verdict against the defendant Florence Donahue should have been set aside.

The order setting aside the verdict of the jury in favor of the plaintiff Kathryn T. Martin and against the defendant Florence Donahue and dismissing the complaint upon the merits against said Florence Donahue is reversed and the verdict of the jury is reinstated, and the order denying the motion of the defendant Anthony Redjives to set aside the verdict and to dismiss the complaint or for a new trial is affirmed; the verdict of the jury is reinstated against the defendant Florence Donahue, with costs to the plaintiff.

HILL, P. J., and BLISS, J., concur; SCHENCK and FOSTER, JJ., dissent.

Order setting aside the verdict of the jury in favor of the plaintiff Kathryn T. Martin and against the defendant Florence Donahue and dismissing the complaint upon the merits, reversed on the law and facts, and the verdict of the jury reinstated, and the order denying the motion of the defendant Anthony Redjives to set aside the verdict and to dismiss the complaint or for a new trial affirmed; and the verdict of the jury is reinstated against the defendant Florence Donahue, with costs to the plaintiff.