■ ERIC C. GROSSMAN, as Administrator of the Estate of ROBERT L. McELHENY, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36237.) — Judgment unanimously affirmed, with costs to claimant. (Cross appeals from judgment of Court of Claims for claimant on a claim for damages for the death of claimant's intestate alleged to have resulted by reason of negligent construction of State highway and insufficient warning signs.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ ERIC C. GROSSMAN, as Administrator of the Estate of KATHERINE McELHENY, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36238.) — Same decision and like cause of action as in companion case of *Grossman* v. *State of New York* (16 A D 2d 1030).

■ ERIO C. GROSSMAN, as Administrator of the Estate of ROBERT L. McELHENY, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36298.) —Same decision and like cause of action as in companion case of *Grossman* v. *State of New York* (16 A D 2d 1030).

■ SOLLIE ROGOFF, Appellant, v. HERMAN HILGERMAN, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of no cause of action was against the weight of the evidence. The proof established that the defendant had violated subdivision (c) of section 1160 of the Vehicle and Traffic Law by making a left turn too sharply and proceeding northerly beyond the intersection before he had reached the lane " lawfully available to traffic moving in such direction ". There was no basis for finding contributory negligence on the part of the plaintiff. The verdict of no cause of action cannot be justified upon the ground that the plaintiff had failed to prove damage as a result of the accident. While there was a controversy as to the plaintiff's loss of earnings, there was undisputed medical proof that the plaintiff had suffered a back injury causing pain and there was uncontradicted proof that the doctor had rendered medical services of the reasonable value of $250 in the treatment of the injury. (Appeal from judgment of Monroe Trial Term dismissing the complaint on a verdict of no cause of action, in an automobile negligence action. The order denies plaintiff's motion for a directed verdict and to set aside the verdict.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ ERNEST BOUCHARD et al., Appellants, v. PHILLIP J. SINAGUGLIA, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellants to abide event. Memorandum: The jury found a verdict of no cause for action. But the weight of the evidence indicates an impact with the plaintiff's wife at a crosswalk on a public street in the nighttime on the defendant's wrong side of the highway, without warning and without proper vigilance on defendant's part. The verdict, therefore, was against the weight of the evidence and should be reversed. (Appeal from judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.