■ JOHN GEDDES et al., Respondents, v. RED STAR EXPRESS LINES, INC., et al., Appellants.— Order unanimously affirmed, with costs. Memorandum: The parties to this appeal recognize the rule that it is permissible to show on cross-examination that an adversary witness has settled a claim against the party calling him as a witness for the purpose of proving a fact from which an inference of interest or bias might be drawn which would reflect on his credibility (cf. Ann. 161 A. L. R. 395, 397). Unfortunately the Trial Judge by a series of questions developed the fact that the witness (Sciolino) called by plaintiffs had been paid by defendant, Red Star, for his property damage. While this was a violation of the stated evidentiary rule, we conclude that it does not mandate reversal of the judgment. The testimony of this witness only corroborated the undisputed fact that plaintiff's truck collided with the tractor-trailer of defendant, Red Star, while the latter vehicle was blocking the entire street. Upon the crucial issue as to the length of time the tractor-trailer had been so obstructing eastbound traffic the witness had no knowledge. Moreover, the trial court both at the time the information was brought out and in its charge instructed the jury that such proof had no probative force and was received only as bearing on the credibility of the witness. (Appeal from order of Erie County Court affirming judgment of Buffalo City Court in action for property damage.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.