■ MARY M. JOYCE, Respondent, v. IRA L. STOCKWELL, Defendant, and JOHN M. TICE, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court, entered November 20, 1968, in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff was a passenger in an automobile owned and operated by defendant Stockwell on January 12, 1966 traveling east on Western Avenue in the Town of Guilderland, Albany County. At approximately 10:15 P.M., according to the testimony of plaintiff and Stockwell, the latter stopped his car in the left hand lane at a red light at the intersection of Fuller Road. When the light turned green, Stockwell signaled a left hand turn into Fuller Road. There were two sets of headlights in the two west bound lanes of Western Avenue. These cars dimmed their headlights which Stockwell interpreted as a signal to make his turn. He started his left hand turn and proceeded only a few feet across the center line when his car was in a collision with defendant-appellant Tice's car being operated by John Reese Wallace. The latter tesified that he was proceeding westerly in the left hand lane on Western Avenue and passed two cars traveling in the right hand lane. He observed no traffic in front of him as he approached the intersection and proceeded through the intersection on a green light. Stockwell's vehicle then turned directly into his path resulting in the collision. This version of what happened was supported by Daniel C. Throneburg, Jr., one of the drivers of the cars that Wallace passed. The jury returned a verdict for plaintiff against both Stockwell and Tice. Appellant Tice attacks the verdict as against the weight of the evidence. He contends that the testimony is uncontradicted that Stockwell started his left hand turn directly into the path of appellant's car and that therefore the collision was unavoidable for Wallace and caused solely by the actions of Stockwell. Both plaintiff and Stockwell testified they

did not see appellant's car even though it was a clear night, the intersection was fairly well lighted, and visibility down Western Avenue, which at that point is straight and level, was unobstructed for about a mile and a half. Under the circumstances, Wallace had the right of way (Vehicle and Traffic Law, § 1141). There is no evidence that appellant's car was being driven without lights and the only reasonable inferences from the facts presented are that Stockwell either looked and did not see or proceeded even though a vehicle was approaching the intersection from the opposite direction (*Stevens* v. *Clark*, 2 A D 2d 791; *Martin* v. *Donahue*, 264 App. Div. 636, revd. 289 N. Y. 722). Likewise, no evidence supports plaintiff's argument that appellant's vehicle could have been a third car which pulled around the two vehicles abreast of each other facing west which were the only vehicles seen by plaintiff Stockwell. The only reasonable conclusion based upon the facts presented indicates that there were no vehicles but appellant's in the approaching outside lane, as verified by a disinterested witness, and that one of the vehicles which plaintiff and Stockwell saw was appellant's car. Upon this record we are constrained to agree with appellant that the actions of defendant Stockwell were the sole proximate cause of the accident (*Stevens* v. *Clark, supra*; *Martin* v. *Donahue, supra*). In view of our determination, consideration of appellant's additional contentions is rendered unnecessary. Judgment against defendant-appellant Tice reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Aulisi, J.