■ CLIFFORD THOMPSON, Individually and as Father and Natural Guardian of GARY THOMPSON, Infant, Appellant, v IRMA C. KORN, Now MARINE MIDLAND BANK WESTERN, as Executor of the Estate of IRMA C. KORN, Deceased, Respondent.—Judgment unanimously reversed, on the law and facts and in the interest of justice, and new trial granted with costs to abide the event. Memorandum: Plaintiff in his capacity as natural guardian of his son Gary appeals from a jury verdict of no cause for action in a suit in which he seeks damages for injury to his son, which rendered him a quadriplegic. Appellant urges that the court erred in excluding proof relating to the interest of a witness, that the court's charge was inadequate and that the verdict was contrary to the weight of the evidence. Plaintiff's son, then 17 years of age, was a passenger in an automobile driven by another 17-year-old youth, John Mitchell, when the automobile collided with one driven by one Irma C. Korn, whose executor is the defendant-respondent on this appeal. The accident occurred at the intersection of Delaware Avenue and Canterbury Lane in Tonawanda, New York, when the Korn automobile made a left turn and the front parts of the two automobiles

came into contact. Although plaintiff sued both drivers, at trial he proceeded solely against defendant Korn. At the point of collision the Mitchell automobile was traveling in a southerly direction on Delaware Avenue in the curb lane at a speed not in excess of 35 miles per hour. The Korn automobile was traveling north on Delaware and made a left turn into Canterbury. Driver Mitchell at trial insisted that he saw no arm or light turn signal from the Korn automobile. Defendant's only witness was one Lynn Lipczynski, a 17-year-old passenger in the Mitchell car, who testified that she and another passenger told Mitchell "to slow down". She could not estimate the speed of the Mitchell automobile, that "he didn't hit any lights" and was in the passing lane. She did not see the Korn automobile until she "looked up and her car was in front of us". The trial court refused to permit her to answer a question on cross-examination as to whether she had made a claim against Mitchell. A party on cross-examination may question a witness to elicit the witness's bias in favor of the party calling him or to show his hostility toward the party against whom he is testifying (Richardson, Evidence [10th ed] § 493, subd [4]). "It is permissible to show on cross-examination that an adversary witness has settled a claim against the party calling him as a witness" (Geddes v Red Star Lines, 30 AD2d 761; Keet v Murrin, 260 NY 586). Also, a party may impeach an opponent's witness by asking whether the witness was a plaintiff in another pending action against the party (Kessler v Rae, 40 AD2d 708, 709). The court's charge on the effect of violations of the Vehicle and Traffic Law included several specific charges of Mitchell's violation of that law. At the end of this portion of the charge, the court did not attempt to reconcile a possible jury conclusion of negligence on Mitchell's part with the possibility that Korn might still be found liable in negligence to plaintiff passenger. The instruction did not sufficiently apprise the jury that it could find against defendant Korn even if it was convinced that Mitchell should bear the major blame for the collision. The court's failure to add at this point in its charge the need for proximate cause could only stimulate the possible misconception of the jury that Mitchell and plaintiffs were together as one against defendant Korn. This is, of course, not the law. The fact that Mitchell was not a defendant in this trial in no way changed the need for an explanatory instruction. A passenger may sue one or both of the concurrently negligent drivers, and his decision to single out one of the drivers does not exculpate the driver sued for damages proximately arising from his negligence where the jury also finds the nondefendant driver to be at fault. This was not adequately conveyed to the jury in the court's charge. The obligation of due care upon the part of a driver making a left turn across a lane of oncoming traffic has been well recognized by our courts. The absence of any countervailing evidence by defendant-driver as to her conduct raises serious questions as to whether she made a left turn when she was unable to do so with reasonable safety (Joyce v Stockwell, 32 AD2d 698; Zaborowski v Salter, 20 AD2d 752; Rogoff v Hillgerman, 16 AD2d 1030; Alphin v Dudish, 8 AD2d 567, app dsmd 7 NY2d 734). The physical damage to defendant's automobile was in the front while the damage to the Mitchell vehicle was in the front and down the side. In light of the facts in this record the trial court should have granted the motion to set aside the verdict as contrary to the weight of the evidence (CPLR 4404, subd [a]). (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.