■ MARK P. BODENSTEINER, Respondent, v DAVID VANNAIS, Appellant.—Order unanimously affirmed without costs. Memorandum: Defendant's plea of guilty to assault in the third degree precludes him from litigating the issue of his liability at a subsequent civil trial, and the court properly granted plaintiff's motion for summary judgment on the issue of liability *(see, Jordan v Britton,* 128 AD2d 315, 321-322).

The court did not abuse its discretion by deciding to prohibit evidence of the sexual conduct of either party. The decision whether to admit evidence that is logically relevant, but is so prejudicial that its probative value is outweighed, rests within the sound discretion of the court *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ ROBERT JOHNSON, Appellant, v DOLORES B. JOHNSON, Also Known as DOLORES GRIFFIN, Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court correctly found that plaintiff, who was imprisoned from August 1963 until December 1966 and from 1979 to the present, failed to prove his cause of action for a default divorce based on abandonment. One of the elements of such a cause of action is an unjustified separation *(see, Bazant v Bazant,* 80 AD2d 310; *cf., Maryon v Maryon,* 60 AD2d 623; *Del Galdo v Del Galdo,* 51 AD2d 741), and plaintiff cannot prove that defendant's absence was unjustified because defendant has grounds for divorce against plaintiff *(see,* Domestic Relations Law § 170 [3]; 1 Foster, Freed and Brandes, Law and the Family New York § 6:20 [2d ed]). (Appeal from order of Supreme Court, Cayuga County, Corning, J.—divorce.) Present —Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.