██ JOEL M. MORGAN, Appellant, v NATIONAL CITY BANK et al., Respondents. (Appeal No. 2.) [822 NYS2d 201]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 31, 2005 in a personal injury action. The judgment, upon a jury verdict, dismissed the complaint against defendants Susan B. Schwartz and Terri O. Goldberg.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff was injured in an automobile accident and commenced this action seeking recovery under several categories of "serious injury" as defined in Insurance Law § 5102 (d). The jury returned a verdict finding that plaintiff did not sustain a serious injury under any of the categories alleged. Supreme Court denied plaintiff's motion to set aside the verdict and a judgment was entered upon the jury verdict. We affirm.

The standard for determining whether a verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the moving party that the verdict could not have been reached under any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). The determination to set aside a jury verdict is addressed to the sound discretion of the court, and we are careful not to unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to a usurpation of the jury's duty (see McLoughlin v Hamburg Cent. School Dist., 227 AD2d 951 [1996], lv denied 88 NY2d 813 [1996]). Here, both sides presented the testimony of medical experts and lay witnesses regarding the nature of the injuries. That testimony presented issues of fact and credibility and there is no reason for us to disturb the jury's resolution of those issues (see Radish v DeGraff Mem. Hosp., 291 AD2d 873 [2002]; Gallmeyer v Sullivan [appeal No. 1], 245 AD2d 1024 [1997]). The verdict is one that reasonable jurors could have rendered on the basis of the testimony and, as such, is not against the weight of the evidence (see Petrovski v Fornes, 125 AD2d 972 [1986], lv denied 69 NY2d 608 [1987]).

We further conclude that the court did not err in allowing defense counsel to question plaintiff regarding plaintiff's prior criminal convictions. A civil litigant is granted broad authority to use the criminal convictions of a witness to impeach the credibility of that witness and a court may, in its discretion, permit the use of a prior conviction of driving while intoxicated to impeach the credibility of a party who testifies at trial (*see Sauer v Diaz*, 300 AD2d 1136, 1137 [2002]).

All concur, Hayes, J., not participating. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.