■ CHARLES L. DAVIS, Individually and as Parent and Natural Guardian of P.L.D., an Infant, Appellant, v CHERYL McCULLOUGH, Respondent. [829 NYS2d 388]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered October 21, 2005 in a personal injury action. The judgment, upon a jury verdict of no cause of action, awarded judgment to defendant for costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of his infant daughter, seeking damages for injuries sustained by his daughter while attending a family party at defendant's home. Plaintiff's daughter was injured while getting off a motorized toy known as a Kawasaki Power Wheel, and plaintiff alleged that defendant was negligent in failing to warn his daughter of the dangerous condition of the

motorized toy and in failing to provide adequate supervision for his daughter. The jury returned a verdict finding that defendant was not negligent. Contrary to the contention of plaintiff, we conclude that Supreme Court properly denied his posttrial motion to set aside the verdict as against the weight of the evidence. It cannot be said that the evidence so preponderated in favor of plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "The determination to set aside a jury verdict is addressed to the sound discretion of the court, and we are careful not to unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to a usurpation of the jury's duty" (*Morgan v National City Bank*, 32 AD3d 1264, 1264 [2006]).

Also contrary to plaintiff's contention, the court did not abuse its discretion in bifurcating the issues of liability and damages for trial. Plaintiff failed to establish that his daughter's injuries had " 'an important bearing' on the issue of liability . . . and [were] probative in determining how the incident occurred" (*Loncz v Blagrove*, 254 AD2d 735, 736 [1998]). Further, the court did not abuse its discretion in curtailing plaintiff's cross-examination of a witness for defendant concerning his prior criminal convictions. The witness offered no relevant testimony on the issue of defendant's alleged negligence and thus his credibility was not at issue (*see generally Badr v Hogan*, 75 NY2d 629, 634 [1990]).

Plaintiff's remaining contentions either are without merit or are not preserved for our review. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.