# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1145**

**CA 12-01126**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

PAUL SIEMUCHA, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT D. GARRISON AND CLARNELL HENDERSON,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JOSHUA P. RUBIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered April 17, 2012. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when his vehicle was rear-ended by a vehicle driven by defendant Robert D. Garrison and owned by defendant Clarnell Henderson. Following a jury trial, the jury found that plaintiff sustained a significant limitation of use of a body function or system and awarded plaintiff $50,000 for past pain and suffering and $20,000 for future pain and suffering for five years. Supreme Court denied defendants' motion to set aside the verdict, and defendants now appeal.

The court properly denied defendants' pretrial motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although we agree with defendants that they met their initial burden, we conclude that plaintiff's submissions were sufficient to raise a triable issue of fact on the permanent consequential limitation of use and significant limitation of use categories of serious injury (*see Vitez v Shelton*, 6 AD3d 1180, 1181-1182; *Hoffman v Stechenfinger*, 4 AD3d 778, 779), the two categories pursued by plaintiff at trial. Defendants failed to preserve for our review their contention that the affirmed report of the chiropractor was not in admissible form (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 n 3; *cf. Hartley v White*, 63 AD3d 1689, 1690; *Shinn v*

*Catanzaro*, 1 AD3d 195, 197-198).  In any event, a plaintiff "may rely on unsworn reports and uncertified medical records if they were submitted by defendants . . . or were referenced in the reports of physicians who examined plaintiff on their behalf, and [defendants] submitted the reports of their experts" (*Feggins v Fagard*, 52 AD3d 1221, 1223; *see Brown v Achy*, 9 AD3d 30, 32).  Here, defendants' expert reviewed and referenced numerous medical records of plaintiff in his report, including the chiropractic records.

Plaintiff raised a triable issue of fact to defeat defendants' motion by submitting objective proof of spasm in his cervical spine (*see Austin v Rent A Ctr., E., Inc.*, 90 AD3d 1542, 1544), and proof showing quantitative restrictions in the range of motion in his cervical and lumbar spine (*see Hedgecock v Pedro*, 93 AD3d 1250, 1252; *Howard v Robb*, 78 AD3d 1589, 1590; *see generally Toure*, 98 NY2d at 350-351).  Finally, plaintiff submitted the opinions of two physicians who determined that plaintiff's cervical spine injury and the exacerbation of his lumbar spine injury were causally related to the accident.

We reject defendants' contention that the court erred in precluding them from raising plaintiff's prior drug addiction and substance abuse at trial.  Although the drug addiction and substance abuse were relevant to plaintiff's credibility (*see Simon v Indursky*, 211 AD2d 404, 404; *see generally Badr v Hogan*, 75 NY2d 629, 634), it is well settled that the nature and extent of cross-examination rests firmly with the trial court (*see Badr*, 75 NY2d at 634; *Bodensteiner v Vannais*, 167 AD2d 954, 954; *see generally Salm v Moses*, 13 NY3d 816, 817).  We perceive no abuse of discretion here inasmuch as, under the circumstances of this case, it would be more prejudicial than probative to allow such cross-examination.  Defendants further contend that the evidence of plaintiff's drug use was relevant to the claim of loss of enjoyment of life and plaintiff's heart problems, but defendants' expert disclosure did not include those topics, and the court therefore properly precluded defendants from presenting such evidence at trial (*see generally Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1035).  Likewise, the court did not abuse its discretion in precluding defendants' expert from testifying regarding his experience treating patients with pending litigation and a study concerning that subject matter inasmuch as those matters were not included in defendants' expert disclosure (*see generally id.*).

Defendants contend that the court erred in denying their request at the commencement of trial to admit all of plaintiff's medical records in evidence pursuant to CPLR 3122-a (c).  According to defendants, the records were automatically admissible because plaintiff raised no objection within 10 days of trial (*see id.*).  We reject that contention.  Plaintiff's failure to object within 10 days before the trial waived any objection plaintiff had to the admissibility of the records as business records (*see* CPLR 3122-a [c]; 4518 [a]), but he did not waive any objection to their admissibility based on other rules of evidence (*see Afridi v Glen Oaks Vil. Owners, Inc.*, 49 AD3d 571, 572).  Indeed, plaintiff properly objected at trial

on relevancy grounds with respect to the admissibility of some of the records (*see Montes v New York City Tr. Auth.*, 46 AD3d 121, 124; *Bostic v State of New York*, 232 AD2d 837, 839, *lv denied* 89 NY2d 807).

We further conclude that the court did not abuse its broad discretion in subsequently ruling on the admissibility of certain medical records when defendants again sought to admit such records in evidence during cross-examination of plaintiff's witnesses and during their direct case (*see Gerbino v Tinseltown USA*, 13 AD3d 1068, 1070). The court properly refused to admit the records concerning plaintiff's cardiac issues inasmuch as they were not mentioned in defendants' expert disclosure (*see Lidge*, 17 AD3d at 1035). The records concerning plaintiff's knee injuries were not relevant inasmuch as plaintiff testified that he was not claiming an injury to his knee as a result of the motor vehicle accident. The records from plaintiff's former employer were relevant to the issue of plaintiff's credibility, but the court did not abuse its discretion in refusing to admit such records on that collateral issue (*see Coopersmith v Gold*, 89 NY2d 957, 959-960, *rearg denied* 89 NY2d 1086, *rearg dismissed* 90 NY2d 889; *Restey v Higgins*, 252 AD2d 954, 956). Plaintiff did not object to the admission of the portions of the records from the Niagara Falls Memorial Medical Center that defendants sought to admit, and defendants failed to preserve for our review their contention on appeal that other portions of those records should have been admitted. Contrary to defendants' further contention, having successfully moved to admit certain of plaintiff's medical records in evidence, they waived their subsequent hearsay objections to plaintiff's use of those records (*see Lahren v Boehmer Transp. Corp.*, 49 AD3d 1186, 1187; *see also Matter of MacDonald*, 40 NY2d 995, 996, *rearg dismissed* 42 NY2d 1102; *Matter of Kellogg v Kellogg*, 300 AD2d 996, 996-997).

Defendants next contend that the court erred in refusing to allow them to use a police report from an earlier motor vehicle accident in cross-examining plaintiff. Defendants contend that the court should have allowed them to impeach plaintiff with his admission therein, i.e., his complaint of neck pain after that accident. Facts stated in a police report that are hearsay are not admissible unless they constitute an exception to the hearsay rule, such as an admission (*see Huff v Rodriguez*, 45 AD3d 1430, 1432; *Stevens v Kirby*, 86 AD2d 391, 395). Here, however, inasmuch as "the source of the information was never identified," the statement was not admissible as an admission (*Huff*, 45 AD3d at 1432). In any event, any error by the court with respect to the police report does not require reversal "because any such 'error did not adversely affect a substantial right of the [defendants]' " (*Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC*, 34 AD3d 1364, 1365).

The court properly denied defendants' posttrial motion seeking to set aside the verdict as against the weight of the evidence. "A motion to set aside a jury verdict as against the weight of the evidence . . . should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the

evidence' . . . That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746).  Based on the testimony of plaintiff and the medical experts, the jury's verdict finding that plaintiff sustained a significant limitation of use of a body function or system "is one that reasonable persons could have rendered after receiving conflicting evidence" (*Ruddock*, 307 AD2d at 720).  Finally, the award for pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court