■ JACQUE LYNN MROZ, Respondent, v 3M COMPANY, Appellant. (Appeal No. 2.) [57 NYS3d 783]—

Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 2, 2016. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when she was struck in the head by three boards that fell from the top of a vending machine she was servicing in the employee lunchroom of de-

fendant 3M Company (3M). Following a jury trial, the jury found 3M negligent and awarded plaintiff damages for, inter alia, future medical expenses and future household services.

We reject 3M's contention that Supreme Court erred in denying its cross motion for a directed verdict at the close of plaintiff's proof and its posttrial motion to set aside the verdict on the ground that there was no evidence of an unsafe condition. 3M's Industrial Hygienist testified that, after her investigation of the accident, she concluded that one of 3M's employees had removed the boards from a lunch table and put them on top of the vending machine that plaintiff was servicing on the day of the incident. Plaintiff testified that she was unable to see the boards on top of the vending machine. Thus, plaintiff established that "a defective condition existed and that [3M] affirmatively created the condition or had actual or constructive notice of its existence" (*Gernat v State of New York*, 23 AD3d 1015, 1015 [2005] [internal quotation marks omitted]) and, with respect to 3M's cross motion for a directed verdict, it cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). With respect to 3M's posttrial motion, we conclude that the preponderance of the evidence in favor of 3M was not such that "the verdict could not have been reached upon any fair interpretation of the evidence" (*Campo v Neary*, 52 AD3d 1194, 1197 [2008] [internal quotation marks omitted]).

We reject 3M's further contention that there was no evidentiary foundation for the testimony of plaintiff's life care planning expert. It is well settled that an expert is permitted to offer opinion testimony based on facts not in evidence where the material is " 'of a kind accepted in the profession as reliable in forming a professional opinion' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984]). Here, the expert testified that the information on which he relied was of the type relied on in his profession. Thus, the court properly overruled 3M's objection to that testimony. 3M failed to preserve at trial its contention that there was no evidentiary foundation for the expert's testimony regarding an anticipated third surgery, as well as the cost therefor (*see generally Matter of State of New York v Wilkes* [appeal No. 2], 77 AD3d 1451, 1452-1453 [2010]). Insofar as 3M preserved that contention for our review in its posttrial motion, we conclude that it is without merit. Plaintiff and her surgeon both testified to the necessity of and planning for that

third surgery. We reject 3M's further contention that the court erred in permitting plaintiff's expert economist to testify regarding the value of future household services. An expert's opinion may be based on assumed facts that "are fairly inferable from the evidence" (*Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414 [1971]), and that is the case here.

We have examined 3M's remaining contentions and conclude that they do not require reversal or modification of the judgment. Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.