Tornatore v Cohen (2018 NY Slip Op 04145)





Tornatore v Cohen


2018 NY Slip Op 04145


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


518 CA 17-02034

[*1]THOMAS TORNATORE, PLAINTIFF-RESPONDENT,
v
JEAN COHEN, D.C., DEFENDANT-APPELLANT. 






MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., NEW YORK CITY (MARCI D. MITKOFF OF COUNSEL), FOR DEFENDANT-APPELLANT.
DEFRANCISCO & FALGIATANO, LLP, EAST SYRACUSE (CHARLES L. FALGIATANO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), dated January 30, 2017. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking to recover damages for injuries he sustained as a result of defendant's chiropractic treatment. Defendant appeals from a judgment entered upon a jury verdict finding that defendant was negligent and awarding plaintiff damages for, among other things, future medical and life care expenses. We affirm.
We reject defendant's contention that Supreme Court erred in precluding her from impeaching plaintiff with evidence of his criminal history. Contrary to defendant's contention, while a civil litigant is granted broad authority to use the criminal convictions of a witness to impeach the credibility of that witness, the nature and extent of cross-examination, including with respect to criminal convictions, remains firmly within the discretion of the trial court (see CPLR 4513; Davis v McCullough, 37 AD3d 1121, 1122 [4th Dept 2007]; Morgan v National City Bank, 32 AD3d 1264, 1265 [4th Dept 2006]; see generally Siemucha v Garrison, 111 AD3d 1398, 1399-1400 [4th Dept 2013]; Bodensteiner v Vannais, 167 AD2d 954, 954 [4th Dept 1990]). Here, even assuming, arguendo, that the disposition of plaintiff's out-of-state criminal offense constituted a conviction (see generally Matter of Kasckarow v Board of Examiners of Sex Offenders of State of N.Y., 25 NY3d 1039, 1042 [2015]), we conclude that the court did not abuse its discretion in precluding defendant from impeaching plaintiff with that conviction (see Davis, 37 AD3d at 1122; see generally Bodensteiner, 167 AD2d at 954).
By failing to move to preclude the testimony of plaintiff's life care planning expert on the ground that plaintiff did not timely disclose the substance of the facts and opinions contained in the expert's updated report (see CPLR 3101 [d] [1]), defendant failed to preserve for our review her contention that the expert's testimony should have been precluded on that ground (see CPLR 4017, 5501 [a] [3]; McClain v Lockport Mem. Hosp., 236 AD2d 864, 865 [4th Dept 1997], lv denied 89 NY2d 817 [1997]).
We reject defendant's further contention that the court erred in denying her motion to strike the testimony of the life care planning expert on the ground that her opinion was principally based upon inadmissable hearsay statements of plaintiff's treating physician. It is well settled that " opinion evidence must be based on facts in the record or personally known to the witness' " (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]). It is equally well settled, however, that an expert is permitted to offer opinion testimony based upon facts not in evidence where the material is " of a kind accepted in the profession as reliable in forming a [*2]professional opinion' " (id. at 726; see Wagman v Bradshaw, 292 AD2d 84, 86-87 [2d Dept 2002]). "The professional reliability exception to the hearsay rule enables an expert witness to provide opinion evidence based on otherwise inadmissible hearsay, provided it is demonstrated to be the type of material commonly relied on in the profession' " (Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [4th Dept 2010], quoting Hinlicky v Dreyfuss, 6 NY3d 636, 648 [2006]; see Caleb v Sevenson Envtl. Servs., Inc., 117 AD3d 1421, 1422 [4th Dept 2014], lv denied 23 NY3d 909 [2014]), and "provided that it does not constitute the sole or principal basis for the expert's opinion" (Matter of State of New York v Fox, 79 AD3d 1782, 1783 [4th Dept 2010]; see Kendall v Amica Mut. Ins. Co., 135 AD3d 1202, 1205-1206 [3d Dept 2016]; Borden v Brady, 92 AD2d 983, 984 [3d Dept 1983]; see generally People v Sugden, 35 NY2d 453, 460-461 [1974]).
Here, the expert explained the professional methodology by which a person's life care plan is developed, which included reviewing medical records, understanding the recommendations made by the person's treatment providers, interviewing the person, conducting research and analysis of costs, and preparing a report. In preparing the life care plan for plaintiff, the expert reviewed legal documents and various medical records of plaintiff's treatment providers; she interviewed plaintiff about his background, work history, injuries, and treatments, the recommendations of his treatment providers, and his level of independence in light of his injuries; and she discussed and reviewed the elements of the life care plan with plaintiff's treating physician. The expert testified that the information upon which she relied was of the type commonly relied on in her profession (see Mroz v 3M Co. [appeal No. 2], 151 AD3d 1606, 1607 [4th Dept 2017]). Although the expert's discussions with the treating physician provided a basis for several components of plaintiff's future medical needs and the expert acknowledged the extent of her reliance upon those hearsay statements, we conclude that the record establishes that the expert "had a sufficient basis for [her] opinion of which the [hearsay statements of the treating physician were] but a link in the chain of data upon which [she] relied' " (Anderson v Dainack, 39 AD3d 1065, 1067 [3d Dept 2007]; see Kendall, 135 AD3d at 1205). Indeed, the expert included the components in the life care plan and determined the costs thereof based upon a combination of the treating physician's recommendations, material in evidence including medical records, professionally accepted outside sources such as a medical costs database, and her own knowledge and expertise (see Anderson, 39 AD3d at 1067; Madden v Dake, 30 AD3d 932, 937 [3d Dept 2006]). Contrary to defendant's related assertion, to the extent that the expert projected that plaintiff would require greater treatment with respect to certain components of the life care plan than he had previously received, we conclude that such testimony goes to the weight of the expert's opinion rather than its admissibility (see generally Fox, 79 AD3d at 1784).
Defendant also contends that the court erred in denying her motion to strike the testimony of the life care planning expert because the underlying opinion of plaintiff's treating physician was unreliable and certain medical topics discussed by the life care planning expert were outside the scope of her expertise and that of the treating physician. That contention is not preserved for our review inasmuch as defendant did not move to strike the expert's testimony on those grounds (see CPLR 4017, 5501 [a] [3]; Nary v Jonientz, 110 AD3d 1448, 1448 [4th Dept 2013]; see generally Matter of State of New York v Pierce, 79 AD3d 1779, 1780 [4th Dept 2010], lv denied 16 NY3d 712 [2011]).
Contrary to defendant's further contention, we conclude that the court properly denied her posttrial motion to set aside the verdict as against the weight of the evidence with respect to damages for future medical and life care expenses inasmuch as it cannot be said that the evidence so preponderated in favor of defendant that the verdict could not have been reached upon any fair interpretation of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). We also reject defendant's contention that the jury's award of damages for future medical and life care expenses "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]).
Finally, we reject defendant's contention that she was deprived of a fair trial by the court's question to one of plaintiff's witnesses and its comments during trial. The court has broad discretion " to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and . . . admonish counsel and witnesses when necessary' " (Messinger v Mount Sinai Med. Ctr., 15 AD3d 189, 189 [1st Dept 2005], lv dismissed 5 NY3d 820 [2005]), and here the court's conduct did not deprive defendant of a fair trial.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court