Ubiles v Halliwell-Kemp (2018 NY Slip Op 08801)





Ubiles v Halliwell-Kemp


2018 NY Slip Op 08801


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1164 CA 18-00133

[*1]HELENA UBILES, PLAINTIFF-RESPONDENT,
v
TARA L. HALLIWELL-KEMP, AS ADMINISTRATOR OF THE ESTATE OF GARY G. HALLIWELL, DECEASED, DEFENDANT-APPELLANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 11, 2017. The order and judgment, among other things, adjudged that defendant is 100% liable for the damages sustained by plaintiff. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action against her former landlord, decedent Gary G. Halliwell, seeking to recover damages for personal injuries she allegedly sustained when she slipped and fell on ice outside her apartment building. Defendant appeals from an order and judgment entered upon a jury verdict finding that decedent was negligent, that defendant, as administrator of decedent's estate, was 100% liable for plaintiff's injuries, and that plaintiff was not comparatively negligent. We affirm.
We reject defendant's contention that Supreme Court abused its discretion in precluding her from impeaching plaintiff at trial with evidence of a criminal conviction from 2002. "[W]hile a civil litigant is granted broad authority to use the criminal convictions of a witness to impeach the credibility of that witness, the nature and extent of cross-examination, including with respect to criminal convictions, remains firmly within the discretion of the trial court" (Tornatore v Cohen, 162 AD3d 1503, 1504 [4th Dept 2018]; see CPLR 4513; cf. Morgan v National City Bank, 32 AD3d 1264, 1265 [4th Dept 2006]; see generally Bodensteiner v Vannais, 167 AD2d 954, 954 [4th Dept 1990]), and we conclude that the court did not abuse its discretion in precluding defendant from impeaching plaintiff with evidence of a drug conviction from 15 years earlier (see Siemucha v Garrison, 111 AD3d 1398, 1399-1400 [4th Dept 2013]; cf. Sansevere v United Parcel Serv., 181 AD2d 521, 523 [1st Dept 1992]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court