Cramer v Schruefer (2020 NY Slip Op 00728)





Cramer v Schruefer


2020 NY Slip Op 00728


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


135 CA 19-01218

[*1]STEVEN M. CRAMER, PLAINTIFF-APPELLANT,
v
RONALD J. SCHRUEFER, DEFENDANT-RESPONDENT. 






CHIACCHIA & FLEMING, LLP, HAMBURG (DANIEL J. CHIACCHIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an amended judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 15, 2019. The amended judgment, entered upon a jury verdict of no cause of action, awarded defendant costs and disbursements. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted, the verdict is set aside, the complaint is reinstated, and a new trial is granted.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained while riding his motorcycle when defendant's vehicle turned left in front of him. Following a trial on liability, the jury returned a verdict finding that defendant was not negligent, and Supreme Court denied plaintiff's CPLR 4404 (a) motion to set aside the verdict as contrary to the weight of the evidence. A verdict should not be set aside as against the weight of the evidence unless "the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (Siemucha v Garrison, 111 AD3d 1398, 1401 [4th Dept 2013] [internal quotation marks omitted]; see Wilson v Mary Imogene Bassett Hosp., 307 AD2d 748, 748 [4th Dept 2003]; see also Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). A court should be guided by the rule that, "if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016] [internal quotation marks omitted]; see Siemucha, 111 AD3d at 1401-1402). Here, as the court charged the jury, "defendant had a common-law duty to see that which [he] should have seen through the proper use of [his] senses" (Larsen v Spano, 35 AD3d 820, 822 [2d Dept 2006]; see Rebay v Tormey, 2 AD3d 826, 827 [2d Dept 2003]). The evidence undisputedly established that the area of the accident did not have any obstructions and that defendant had a clear line of sight of oncoming traffic. Inasmuch as defendant admitted at trial that he never saw plaintiff or his motorcycle prior to the accident, we conclude that the finding that defendant was not negligent could not have been reached on any fair interpretation of the evidence (see Casaregola v Farkouh, 1 AD3d 306, 306-307 [2d Dept 2003]; Hernandez v Joseph, 143 AD2d 632, 632 [2d Dept 1988]; Thompson v Korn, 48 AD2d 1007, 1008 [4th Dept 1975]). We therefore reverse the amended judgment, grant plaintiff's posttrial motion, set aside the verdict, reinstate the complaint, and grant a new trial. In light of our determination, we do not address plaintiff's remaining contentions.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court