■ ALICE RENDO, as Administratrix of the Estate of RALPH RENDO, Deceased, Appellant, v. LYNN SCHERMERHORN et al., Respondents.— AULISI, J. Appeal from an order of the Supreme Court at Trial Term, Schoharie County, which denied plaintiff's motion to set aside a jury's verdict of no cause of action and for a new trial or in the alternative to set aside the verdict, vacate the judgment, and grant a new trial upon various grounds. Plaintiff urges that she was denied a fair trial because defense counsel during his summation injected a highly prejudicial statement in addressing the jury. The summation not having been taken by the court reporter, there are two versions of what actually was said. Plaintiff's contention, supported by an affidavit of one of the court attendants in charge of the jury is that defense counsel said: "If you bring in a verdict here for the plaintiff, Mr. Schermerhorn and Mrs. Schermerhorn will have to spend the rest of their lives working to pay it off." Defense counsel's recollection is that he said: "the plaintiffs were seeking to recover a large sum of money in a verdict that would have the defendants working for the rest of their lives." Timely objection to said remarks as being prejudicial was taken by plaintiff's attorney and the court was asked that the jury be instructed to disregard it. The objection was overruled. Ordinarily, we are reluctant to disturb the verdict of a jury which participated in a long trial and particularly so where, as here, the trial was capably conducted by an experienced Trial Judge. Nevertheless, we cannot condone the obvious reference to the lack of defendants' insurance coverage contained in defense counsel's summation, a fact which in the circumstances here may very well have engendered sympathy in the jurors' minds (*Wisniewski* v. *Jem Novelty Corp.*, 22 A D 2d 10; *Griffin* v. *Corporation of the Church of the Assumption*, 14 A D 2d 620; *Kuznicki* v. *Kuszowski*, 2 A D 2d 216). This determination makes unnecessary any discussion of appellant's other contentions. Order reversed, on the law and the facts, and motion granted, with costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of CECIL B. CROSDALE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT.— Claimant's name was recorded with the employer; he punched the time clock on each of the two days of his employment; and we are unable to hold that as a matter of law the board erred in finding that good cause for claimant's quit was not to be found in the failure of the employer to cause the processing procedures of its personnel office to be undertaken as promptly as claimant wished, particularly so in view of claimant's failure to object or to make known the reasons now advanced for his concern. Decision affirmed, without costs. Gibson P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.