■ DIANA KARAMANOS et al., Appellants, v CAROL BATEMAN et al., Respondents. (Appeal No. 1.) [783 NYS2d 739]—Appeal from a judgment of the Supreme Court, Erie County (John P. Lane, J.), entered May 8, 2003. The judgment adjudged that defendant Ford Credit Titling Trust have judgment against plaintiffs in the amount of $2,634.82 and that defendant Carol Bateman have judgment against plaintiffs in the amount of $1,551.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part, the verdict is set aside in part, the amended complaint is reinstated and a new trial is granted on the significant limitation of use of a body function or system category of serious injury within the mean-

ing of Insurance Law § 5102 (d) and damages in accordance with the following Memorandum: Plaintiffs appeal from a judgment entered upon a jury verdict in favor of defendants. Plaintiffs commenced this action to recover damages for injuries sustained by Diana Karamanos (plaintiff) when her vehicle collided with a vehicle driven by defendant Carol Bateman and owned by defendant Ford Credit Titling Trust. The jury found that, although Bateman was 40% at fault, plaintiff did not sustain a serious injury. Because the jury found that plaintiff did not sustain a serious injury, it did not reach the issue of damages.

We agree with plaintiffs that Supreme Court erred in denying that part of their motion seeking to set aside the verdict insofar as the jury found that plaintiff did not sustain a serious injury and seeking a new trial on that issue as well as the issue of damages. We agree with plaintiffs that the verdict finding that plaintiff did not sustain a serious injury is against the weight of the evidence. The evidence that plaintiff herniated a disc in the accident and required disc fusion surgery so preponderates in favor of plaintiffs that the verdict finding that plaintiff did not sustain a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) could not have been reached on any fair interpretation of the evidence (*see generally Grassi v Ulrich*, 87 NY2d 954, 956 [1996]). We have considered plaintiffs' remaining contentions and conclude that they are without merit. We therefore reverse the judgment, grant the motion in part, set aside the verdict insofar as the jury found that plaintiff did not sustain a significant limitation of use of a body function or system, reinstate the amended complaint, and grant a new trial on that category of serious injury and damages. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.