■ ESTRELLA OCASIO, Respondent-Appellant, v PANAGIOTA ZORBAS, Appellant-Respondent. [789 NYS2d 166]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Hart, J.), dated March 19, 2003, which upon granting the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issues of serious injury and causation at the close of evidence, and upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $150,000, and the plaintiff cross-appeals, on the ground of inadequacy, from so much of the same judgment as failed to award her damages for future pain and suffering.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages in accordance herewith with costs to abide the event.

On September 22, 1999, the plaintiff was driving on the Long Island Expressway when her vehicle was struck in the rear by a vehicle driven by the defendant Panagiota Zorbas. As a result of the accident, the plaintiff allegedly sustained a herniated disc, and subsequently was required to undergo surgery to remove the disc and fuse her cervical vertebrae.

After the plaintiff was awarded summary judgment on the issue of liability, the parties proceeded to trial on the issue of damages. Although several physicians testified that the plaintiff's herniated cervical disc was causally related to the automobile accident, one of the defendants' expert witnesses, a board certified radiologist, disagreed. The radiologist testified that magnetic resonance imaging films of the plaintiff's cervical spine indicated that she was suffering from disc dehydration or desiccation, caused by "daily wear and activity." The radiologist

further maintained that the magnetic resonance imaging films showed no evidence of disc herniation. At the close of the evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issues of whether she had sustained a serious injury within the meaning of Insurance Law § 5102 (d), and whether her injury was causally related to the accident. The Supreme Court granted the motion, and the question of damages for past and future pain and suffering was submitted to the jury, which awarded the plaintiff $150,000 for past pain and suffering, and no damages for future pain and suffering.

On appeal, the defendants contend, inter alia, that the Supreme Court erred in granting the plaintiff judgment as a matter of law on the issues of serious injury and causation. We agree. A trial court may grant a motion for judgment as a matter of law where it finds that, upon the evidence presented, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.* at 556). Here, while several physicians testified that the plaintiff sustained a herniated disc as a result of the accident, and thus, was required to undergo fusion surgery, the radiologist who testified on behalf of the defendants maintained that there was no evidence of any disc herniation, and that the plaintiff's condition was degenerative. In view of this conflicting medical evidence, the issues of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), and whether the injury was causally related to the accident, should have been submitted to the jury (*see Parekh v Avis*, 271 AD2d 666 [2000]; *Rosabella v Fanelli*, 225 AD2d 1007, 1008 [1996]).

In light of our determination that a new damages trial is warranted, we do not reach the claim raised by the plaintiff on her cross appeal that the jury's failure to award her damages for future pain and suffering was against the weight of the evidence. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.