■ RICHARD PICKERING et al., Appellants, v LEHRER, McGOVERN, BOVIS, INCORPORATED, et al., Respondents. [811 NYS2d 696]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hart, J.), entered September 20, 2004, which, upon granting the defendants' motions pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is reversed, on the law and as an exercise of discretion, the motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different justice, with costs to abide the event.

In early August 1998 the plaintiff Richard Pickering (hereinafter the plaintiff) was employed by Allstate Contracting as a foreman on a project involving the reconstruction of a sidewalk at P.S. 81 in Harlem. Throughout the afternoon of August 11, 1998, five trucks operated by the defendant City Ready Mix Corporation (hereinafter Ready Mix) delivered concrete to the work site. In the late afternoon, after unloading his concrete, one of the Ready Mix truck drivers allegedly rinsed the delivery chute out into the street, near the curb where the plaintiff and others were working, leaving a puddle of concrete and water. On the morning of August 12, 1998, the plaintiff arrived at the work site with several laborers. In preparation for the day's work, he removed a four-foot by eight-foot plywood form that held recently poured concrete in place. While carrying the form, he allegedly slipped in the puddle created by the Ready Mix driver on the previous day and fell.

"A defendant's motion pursuant to CPLR 4401 should be granted only when, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Johnson v Jamaica Hosp. Med. Ctr.,* 21 AD3d 881, 882 [2005] [citation and internal quotation marks omitted]; *see Ocasio v Zorbas,* 14 AD3d 499, 500 [2005]).

The Supreme Court erred in concluding that the plaintiff failed to make out a prima facie case that the defendants Ready Mix and M.A. Angeliades Construction Corporation (hereinafter Angeliades) negligently created and/or maintained a dangerous condition at the work site. A contractor such as Ready Mix may be liable under the common law "for affirmative acts of negligence which result in the creation of a dangerous condition upon a public street or sidewalk" (*Ingles v City of New York,* 309 AD2d 835 [2003]). Moreover, to be found liable pursuant to Labor Law § 200, a general contractor such as Angeliades must " 'have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition' " (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998], quoting *Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]). Here, the testimony of the plaintiff and his coworker, Kevin Hill, established that a Ready Mix driver created the alleged dangerous condition, and testimony of employees of the defendants Lehrer, McGovern, Bovis, Incorporated (hereinafter Bovis), and Angeliades established that Angeliades had contractually assumed the duty of keeping the work site safe and clean and that an Angeliades employee was present at the site every day. In light of this evidence, there was a rational process by which a jury could have found in favor of the plaintiffs and against Ready Mix and Angeliades. Therefore, those defendants' motions for judgment as a matter of law should have been denied (*see Johnson v Jamaica Hosp. Med. Ctr., supra; Ocasio v Zorbas, supra*).

With respect to Bovis, a construction manager may be liable under Labor Law § 200 if it has supervisory control and authority over the work being done when the plaintiff is injured (*see Havlin v City of New York,* 17 AD3d 172 [2005]). Although the evidence admitted at trial was insufficient to establish a prima facie case against Bovis, the plaintiffs were denied the opportunity to present such a case by the trial court's excessive intervention into the trial proceedings, which improperly excluded evidence potentially favorable to the plaintiffs and, at times, evinced a clear bias in favor of the defendants. Under the circumstances, as a matter of discretion, Bovis' motion for judgment as a matter of law is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial against all of the defendants before a different justice (*see Matter of Travelers Indem. Co. v Mohammed,* 14 AD3d 710 [2005]; *Ougourlian v New York City Health & Hosps. Corp.,* 5 AD3d 644 [2004]; *Taromina v Presbyterian Hosp. in City of N.Y.,* 242 AD2d 505, 506 [1997]).

The defendants' remaining contentions are without merit. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.