■ RICHARD T. CUMMINGS et al., Appellants, v JIAYAN GU et al., Respondents. [839 NYS2d 663]—

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 31, 2005 in a personal injury action. The judgment, upon a jury verdict, dismissed the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Richard T. Cummings (plaintiff) when his vehicle was rear-ended by a vehicle driven by defendant Jiayan Gu and owned by defendant NYRAC, Inc., doing business as Budget Rent-A-Car. Supreme Court denied plaintiffs' motions for a directed verdict on the issue of whether plaintiff sustained a serious injury in the motor vehicle accident and on the issue of negligence, and the jury returned a verdict finding that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Contrary to the contention of plaintiffs, the court properly denied their motion for a directed verdict on the issue of serious injury. "In order to direct a verdict in favor of the plaintiff, the court must view the evidence in the light most favorable to the defendants and conclude [that] 'there is no rational process by which the fact trier could base a finding in favor of the [defendants]' " (*Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Plaintiffs alleged that plaintiff sustained a serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180 categories. Addressing first the 90/180 category, we note that, "[t]o qualify as a serious injury under [that] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" by that injury (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004] [internal quotation marks omitted]; *see Leahey v Fitzgerald*, 1 AD3d 924, 926 [2003]). Here, there was abundant evidence that plaintiff's activities were curtailed to a great degree for the requisite period of time following the motor vehicle accident. Plaintiffs failed, however, to present any "objective medical evidence to establish a qualifying injury or impairment" with respect to that category (*Nitti v Clerrico*, 98 NY2d 345, 357 [2002]). Further, plaintiffs presented no testimony that plaintiff's physicians placed restrictions on plaintiff's activities

or that the injuries caused by the motor vehicle accident resulted in the curtailment of those activities.

With respect to the remaining two categories, we note that whether an injury qualifies under either of those categories " 'relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Plaintiffs presented the testimony of two physicians, each of whom testified that plaintiff's initial MRI revealed a disc herniation at C3-4 that was caused by the motor vehicle accident. Neither physician testified, however, that plaintiff was required to undergo fusion surgery as a result of the disc herniation. Moreover, on cross-examination, one of the physicians admitted that plaintiff did not inform the physician that he had prior significant neck injuries. According to that physician, such information would have been helpful in making a prognosis, and the physician testified that the "deciding factor" in determining that plaintiff should undergo the disc fusion surgery "was his intolerable pain[ ] and the discogram results," which may in fact have been caused by the preexisting degenerative condition of plaintiff's cervical spine. That testimony raised an issue of fact whether the fusion surgery was necessitated by the motor vehicle accident or by the preexisting degenerative condition of plaintiff's spine. We thus conclude that the court properly denied plaintiffs' motion for a directed verdict on the issue of whether plaintiff sustained a serious injury in the motor vehicle accident (*see Ocasio v Zorbas*, 14 AD3d 499, 500 [2005]).

We further reject plaintiffs' contention that the verdict is against the weight of the evidence insofar as the jury found that plaintiff did not sustain a serious injury in the motor vehicle accident. "A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery*, 244 AD2d 730, 730-731 [1997]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination . . . Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts

to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (*Zapata v Dagostino*, 265 AD2d 324, 325 [1999]). In light of the evidence of plaintiff's preexisting injuries and the degenerative changes to plaintiff's neck, there is evidence from which the jury could have found that the spinal fusion surgery was not required solely because of the herniated disc caused by the motor vehicle accident. Indeed, other than the fact that plaintiff underwent spinal fusion surgery, there is little, if any, other objective evidence of the extent or significance of his neck injury. Because there were other explanations apart from the motor vehicle accident for the necessity for the surgery, the jury was free to discredit the testimony of plaintiff's experts (*see Quigg v Murphy*, 37 AD3d 1191, 1193 [2007]), and we conclude that the jury's verdict is based on a fair interpretation of the evidence (*see Zapata*, 265 AD2d at 325-326; *cf. Karamanos v Bateman*, 11 AD3d 926 [2004]).

Finally, our determination with respect to the issue of serious injury renders moot the further contention of plaintiffs that the court erred in denying their motion for a directed verdict on the issue of negligence. Present—Scudder, P.J., Centra, Lunn, Fahey and Peradotto, JJ.