■ BARBARA HINTERBERGER, Respondent-Appellant, v CATHY L. LESLIE, Appellant-Respondent. (Appeal No. 2.) [846 NYS2d 504]—Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 20, 2006 in a personal injury action. The order, among other things, denied plaintiff's motion to set aside the jury verdict in part, for judgment as a matter of law on negligence and for a new trial and denied defendant's motion to vacate those parts of the prior order granting plaintiff's motion for a mistrial and ordering a new trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's motion, vacating the first ordering paragraph of the order and of the amended order entered May 9, 2006 and July 20, 2006, respectively, and directing that judgment be entered in favor of defendant and against plaintiff on the jury verdict and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the motor vehicle she was driving collided with a vehicle driven by defendant. Supreme Court properly denied plaintiff's motion to set aside the jury verdict in part, for judgment as a matter of law on negligence and for a new trial on, inter alia, the issue whether plaintiff sustained a serious injury. "Upon our review of the evidence, we cannot conclude that the proof presented so preponderated in favor of plaintiff that the verdict finding that she did not sustain a serious injury could not have been reached on any fair interpretation of the evidence" (*Holbrook v Pruiksma*, 43 AD3d 603, 603 [2007]). That conclusion renders moot plaintiff's further contentions with respect to the jury's findings on negligence and the apportionment of fault (*see Cummings v Jiayan Gu*, 42 AD3d 920, 923 [2007]), and the court's failure to charge the emergency doctrine. We have considered plaintiff's remaining contentions and conclude that none requires setting aside the verdict.

We further conclude that the court erred in denying that part of defendant's motion to vacate those parts of the order granting plaintiff's postverdict motion for a mistrial and ordering a

new trial, and further erred in denying that part of defendant's motion for judgment on the jury verdict. We therefore modify the order accordingly. We reject plaintiff's contention that defendant may not appeal from the order insofar as it denied that part of the motion to vacate that part of the order granting the postverdict motion for a mistrial (*see generally Weinberg v Remyco, Inc.*, 9 AD3d 425, 426-427 [2004]; *Matter of Taylor*, 271 App Div 947 [1947]) and ordered a new trial (*see* CPLR 5701 [a] [2] [iii]). On the merits, we conclude that the court abused its discretion in granting plaintiff's motion because the reference by defendant's expert witness on cross-examination to defendant's insurance carrier did not warrant a mistrial (*see Kowalski v Loblaws, Inc.*, 61 AD2d 340, 343 [1978]). We further conclude that defendant is entitled to judgment on the jury verdict. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.