# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

876
CA 12-02170
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

WALTER J. NARY, II, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

ROSEMARY JONIENTZ, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

HISCOCK & BARCLAY, LLP, ROCHESTER (GARY H. ABELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 10, 2012. The judgment, among other things, awarded plaintiff money damages against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals and plaintiff cross-appeals from an order that granted in part defendant's motion to set aside the jury verdict by reducing the award of damages in this motor vehicle accident case, and in appeal No. 2, defendant appeals from the judgment entered on the jury's verdict as reduced by Supreme Court. We note at the outset that defendant's appeal from the order in appeal No. 1 "must be dismissed because the right of direct appeal [from the order therein] terminated with the entry of judgment in the action" (*Smith v Catholic Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435, 435; *see Doyle v City of Buffalo*, 56 AD3d 1133, 1133-1134; *see also* CPLR 5501 [a] [1]). In addition, although plaintiff did not cross-appeal from the judgment in appeal No. 2, "we exercise our discretion to treat [his] notice of appeal [in appeal No. 1] as valid and deem his appeal as taken from the . . . judgment" in appeal No. 2 (*National Fuel Gas Distrib. Corp. v Erie County Water Auth.*, 99 AD3d 1231, 1232; *see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR 5520 [c]).

Defendant failed to preserve for our review her contention that the court erred in permitting plaintiff to cross-examine defendant's expert physician concerning compensation he had been paid in the past for performing medical examinations and providing testimony for defendants in other personal injury actions. Defendant's expert physician testified in a recorded video deposition. While defendant's

attorney made various objections during the recording of that video testimony, there is no indication that defendant ever made a timely and specific objection to the court or otherwise sought a ruling regarding the nature or scope of that cross-examination (*see* CPLR 4017, 5501 [a] [3]; *see generally Santillo v Thompson*, 71 AD3d 1587, 1589).

Defendant further contends that the court abused its discretion in redacting certain portions of the recorded testimony of defendant's expert physician (*see generally Feldsberg v Nitschke*, 49 NY2d 636, 643).  All of the discussions and rulings regarding specific redactions to the recorded testimony of defendant's expert physician took place off the record, and defendant thereafter registered only a general objection to those redactions.  Moreover, with respect to the redactions of testimony where defendant's expert physician read from medical records subsequently admitted in evidence at trial, the record establishes that defendant's attorney seemingly acquiesced in those redactions based on the court's ruling that defendant's attorney would be permitted to read from those records during summation.  Thus, on this record, it cannot be said that the court abused it discretion in redacting portions of the recorded testimony of defendant's expert physician.

We reject defendant's contention that the awards of damages for past and future pain and suffering, as reduced by the court, "deviate[] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see generally Caprara v Chrysler Corp.*, 52 NY2d 114, 126-127).  We reject defendant's further contention that the award of damages for future medical expenses, also as reduced by the court, is speculative and was not established with reasonable certainty (*see Huff v Rodriguez*, 45 AD3d 1430, 1433; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 9-10).  We likewise reject plaintiff's contention on his cross appeal that the court erred in reducing the awards of damages for past and future pain and suffering, and for future medical expenses.  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court