# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

683

CA 15-00092

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

CANDACE SWATLAND, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JOHN R. KYLE AND TRUGREEN LIMITED PARTNERSHIP,
DEFENDANTS-RESPONDENTS.

---

BROWN CHIARI LLP, LANCASTER (NELSON E. SCHULE, JR., OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HINSHAW & CULBERTSON LLP, CHICAGO, ILLINOIS (KIMBERLY A. JANSEN, OF
THE ILLINOIS BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (James
P. Punch, A.J.), entered June 3, 2014. The judgment awarded plaintiff
money damages in the amount of $30,000 for past pain and suffering and
in the amount of $15,000 for future pain and suffering.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting the posttrial motion in
part and setting aside the verdict with respect to damages for past
and future pain and suffering, and as modified the judgment is
affirmed without costs, and a new trial is granted on those elements
of damages only unless defendants, within 20 days of service of a copy
of the order of this Court with notice of entry, stipulate to increase
the award of damages for past pain and suffering to $150,000 and for
future pain and suffering to $50,000, in which event the judgment is
modified accordingly, and as modified the judgment is affirmed without
costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained in a motor vehicle accident.
Following a trial, the jury found that plaintiff sustained a serious
injury under the significant limitation of use category set forth in
Insurance Law § 5102 (d) and awarded damages for past medical
expenses, past pain and suffering, and future pain and suffering.

We reject plaintiff's contention that Supreme Court erred in
limiting the cross-examination of defendants' medical expert with
respect to fees he received in connection with referrals made by
defendants' former counsel. The nature and extent of cross-
examination is entrusted to the trial court's discretion (*see Badr v
Hogan*, 75 NY2d 629, 634; *Siemucha v Garrison*, 111 AD3d 1398, 1399-

1400), and we perceive no abuse of discretion here.

We agree with plaintiff, however, that the court erred in denying that part of her posttrial motion seeking increases in the damage awards for past and future pain and suffering or, in the alternative, a new trial on damages.  The jury found that plaintiff sustained a serious injury under the significant limitation of use and 90/180-day categories (*see* Insurance Law § 5102 [d]), but awarded only $30,000 for past pain and suffering and $15,000 for future pain and suffering. In view of plaintiff's testimony and the medical evidence that plaintiff sustained herniated discs at C5-C6 and C6-C7 that required surgery, we conclude that the award of damages deviates materially from what would be reasonable compensation for the injuries she sustained (*see* CPLR 5501 [c]).  In our view, $150,000 for past pain and suffering and $50,000 for future pain and suffering are the minimum amounts the jury could have awarded as a matter of law based on the evidence at trial (*see Orlikowski v Cornerstone Community Fed. Credit Union*, 55 AD3d 1245, 1247, *lv dismissed* 11 NY3d 915).  We therefore modify the judgment accordingly, and we grant a new trial on damages for past and future pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $150,000 and for future pain and suffering to $50,000, in which event the judgment is modified accordingly.

Entered:  July 2, 2015                        Frances E. Cafarell
                                              Clerk of the Court