Boehm v Rosario (2017 NY Slip Op 07049)





Boehm v Rosario


2017 NY Slip Op 07049


Decided on October 6, 2017


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND WINSLOW, JJ.


1027 CA 16-02232

[*1]CHRISTINA M. BOEHM, PLAINTIFF-APPELLANT,
v
GUISSEPPE G. ROSARIO, ALSO KNOWN AS G.M. ROSARIO-PARRILLA, DEFENDANT-RESPONDENT.






VINAL & VINAL, P.C., BUFFALO (JEAN VINAL OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HAGELIN SPENCER LLC, BUFFALO (WILLIAM SWIFT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered September 15, 2016. The order denied plaintiff's motion to set aside the jury verdict. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving collided with a vehicle operated by defendant. After a jury trial, the jury found that both plaintiff and defendant were negligent and apportioned fault, and further found that plaintiff did not sustain a serious injury. Plaintiff appeals from an order denying her posttrial motion to set aside the verdict.
Plaintiff contends that she is entitled to a new trial because defense counsel repeatedly made statements to the jury implying that defendant had no insurance. We reject that contention. References to insurance coverage are generally irrelevant to the issues and are improper because of their prejudicial nature (see Leotta v Plessinger, 8 NY2d 449, 461, rearg denied 9 NY2d 688, mot to amend remittitur granted 9 NY2d 686; Rendo v Schermerhorn, 24 AD2d 773, 773; see also Salm v Moses, 13 NY3d 816, 817-818). Contrary to plaintiff's contention, defense counsel's references to defendant as her "client" were not improper, and her statements that defendant should not be held "responsible" for certain medical expenses were in response to plaintiff's testimony and the arguments of plaintiff's counsel. Defense counsel never stated or implied that defendant lacked insurance coverage for the accident or would have to pay out of pocket (cf. Rendo, 24 AD2d at 773).
We reject plaintiff's further contention that she is entitled to a new trial based on alleged cumulative error during the trial. Plaintiff never requested that Supreme Court take judicial notice of a certain mathematical computation on speed and distance, and therefore there was no error by the court in failing to take such judicial notice. The court did not abuse its discretion in not allowing redirect examination of plaintiff's treating physician and limiting the duration of the cross-examination of the physician who examined plaintiff on defendant's behalf (see Swatland v Kyle, 130 AD3d 1453, 1454; see generally Feldsberg v Nitschke, 49 NY2d 636, 643, rearg denied 50 NY2d 1059). The court's rulings were based on time constraints; the court ended questioning at 5:00 p.m. on the respective days of the witnesses' testimony, and plaintiff did not seek to have the witnesses returned the following day. We have examined plaintiff's remaining claims of alleged errors during the trial and conclude that they are without merit.
Plaintiff raises no issue on appeal regarding the jury's finding of no serious injury, and she has therefore abandoned her contention in her posttrial motion that the verdict should be set aside as against the weight of the evidence on that issue (see Ciesinski v Town of Aurora, 202 AD2d 984, 984). The jury's finding that plaintiff did not sustain a serious injury renders moot [*2]plaintiff's contentions that the court erred in denying her motion for a directed verdict on the issue of negligence (see Cummings v Jiayan Gu, 42 AD3d 920, 923), and that the verdict is against the weight of the evidence with respect to the jury's apportionment of fault (see Hinterberger v Leslie, 45 AD3d 1314, 1314).
All concur except Lindley, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. As a general rule, "whether a defendant has or has not obtained insurance is irrelevant to the issues, and, since highly prejudicial, therefore, inadmissible" (Leotta v Plessinger, 8 NY2d 449, 461, rearg denied 9 NY2d 688, mot to amend remittitur granted 9 NY2d 686; see Constable v Matie [appeal No. 3], 199 AD2d 1004, 1005). Here, I conclude that plaintiff should be afforded a new trial because defendant's attorney improperly implied to the jury that defendant lacked insurance coverage and that any award of damages would have to be paid out of his own pocket (see Vassura v Taylor, 117 AD2d 798, 799, appeal dismissed 68 NY2d 643; Doody v Gottshall, 19 Misc 3d 1136[A], *8, affd as modified 67 AD3d 1349).
At the outset of his opening statement, defense counsel, referring to defendant, said, "You know, he's an immigrant, he works full time, he has two jobs, and just trying to make a living." Although defendant did in fact have insurance coverage for the accident and defense counsel had been retained by the carrier, defense counsel went on to say that defendant "hired me to defend him in this lawsuit," and that plaintiff, who "wasn't working at the time of the accident," is "trying to get money from my client." Defense counsel further stated in his opening: "I don't think it's my client's responsibility to pay this woman;" "Should my client be responsible for paying this woman's [medical] bills?;" and "[defendant] shouldn't have to pay for plaintiff's pain medication." Plaintiff's counsel objected three times to these comments, but the court overruled the objections and declined to give a curative instruction. In his summation, defense counsel again suggested that defendant himself would have to satisfy a judgment with his own funds, stating, "I don't think my client should have to pay for" certain of plaintiff's claimed expenses arising from the accident.
In my view, the above comments "may very well have engendered sympathy [for defendant] in the jurors' minds" (Rendo v Schermerhorn, 24 AD2d 773, 773), thus depriving plaintiff of a fair trial. I would therefore reverse the order, grant plaintiff's posttrial motion to set aside the verdict, and grant a new trial.
Entered: October 6, 2017
Mark W. Bennett
Clerk of the Court