Lindley, J. (dissenting). I respectfully dissent. As a general rule, “whether a defendant has or has not obtained insurance is irrelevant to the issues, and, since highly prejudicial, therefore, inadmissible” (Leotta v Plessinger, 8 NY2d 449, 461 [1960], rearg denied 9 NY2d 688 [1961], mot to amend remittitur granted 9 NY2d 686 [1961]; see Constable v Matie [appeal No. 3], 199 AD2d 1004, 1005 [1993]). Here, I conclude that plaintiff should be afforded a new trial because defendant’s attorney improperly implied to the jury that defendant lacked insurance coverage and that any award of damages would have to be paid out of his own pocket (see Vassura v Taylor, 117 AD2d 798, 799 [1986], appeal dismissed 68 NY2d 643 [1986]; Doody v Gottshall, 19 Misc 3d 1136[A], 2008 NY Slip Op 51021[U], *8 [2008], affd as mod 67 AD3d 1349 [2009]). At the outset of his opening statement, defense counsel, referring to defendant, said, ‘You know, he’s an immigrant, he works full time, he has two jobs, and just trying to make a living.” Although defendant did in fact have insurance coverage for the accident and defense counsel had been retained by the carrier, defense counsel went on to say that defendant “hired me to defend him in this lawsuit,” and that plaintiff, who “wasn’t working at the time of the accident,” is “trying to get money from my client.” Defense counsel further stated in his opening: “I don’t think it’s my client’s responsibility to pay this woman”; “Should my client be responsible for paying this woman’s [medical] bills?”; and “[defendant] shouldn’t have to pay for plaintiff’s pain medication.” Plaintiff’s counsel objected three times to these comments, but the court overruled the objections and declined to give a curative instruction. In his summation, defense counsel again suggested that defendant himself would have to satisfy a judgment with his own funds, stating, “I don’t think my client should have to pay for” certain of plaintiff’s claimed expenses arising from the accident. In my view, the above comments “may very well have engendered sympathy [for defendant] in the jurors’ minds” (Rendo v Schermerhorn, 24 AD2d 773, 773 [1965]), thus depriving plaintiff of a fair trial. I would therefore reverse the order, grant plaintiff’s posttrial motion to set aside the verdict, and grant a new trial. Present — Centra, J.P., Carni, Lindley and Winslow, JJ.