Cooper v Nestoros (2018 NY Slip Op 01716)





Cooper v Nestoros


2018 NY Slip Op 01716


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


111 CA 17-01400

[*1]BELINDA C. COOPER, PLAINTIFF-APPELLANT,
v
DEANNA M. NESTOROS AND SCOTT A. SLONIKER, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JOHN TROP, BUFFALO (LEAH A. COSTANZO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 17, 2017. The order denied plaintiff's posttrial motion pursuant to CPLR 4404 (a). 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when her vehicle collided with a vehicle owned by defendant Deanna M. Nestoros and operated by defendant Scott A. Sloniker. In appeal No. 1, plaintiff appeals from an order that denied her posttrial motion pursuant to CPLR 4404 (a) in which she requested that Supreme Court set aside the verdict and direct a judgment in her favor or, alternatively, order a new trial. In appeal No. 2, plaintiff appeals from a judgment entered on the jury's verdict of no cause of action. We note at the outset that the appeal from the judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1, and thus the appeal from the order in appeal No. 1 must be dismissed (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435, 435 [2d Dept 1989]).
Plaintiff contends that the court erred in denying that part of her motion pursuant to CPLR 4401 for a directed verdict on the issue of causation. We reject that contention. "A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony [ ]or the facts disclosed on cross-examination . . . Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those [that] formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion" (Lai Nguyen v Kiraly [appeal No. 2], 82 AD3d 1579, 1580 [4th Dept 2011] [internal quotation marks omitted]; see Bennice v Randall, 71 AD3d 1454, 1455 [4th Dept 2010]).
Here, both of plaintiff's treating physicians testified that they relied on her self-reported medical history in concluding that her injuries were proximately caused by the motor vehicle accident. Plaintiff's chiropractor testified that, based on that history, he did not believe that plaintiff had suffered a neck injury before the date of the accident, and he further testified that he would have to reevaluate his conclusion if he had been given inaccurate information. Plaintiff's orthopedic surgeon testified that he initially believed that plaintiff's shoulder pain was caused by an injury to her neck but ultimately concluded that it was caused by an injury to her shoulder. Although plaintiff maintained on direct examination that she did not suffer a neck injury prior to the date of the accident, that testimony was directly contradicted by her medical records, which indicated that she had complained of chronic neck pain five months before the accident. Thus, we conclude that there is a rational process by which the jury could have found that the accident was not a substantial factor in causing plaintiff's injuries (see generally Szczerbiak v Pilat, 90 [*2]NY2d 553, 556 [1997]; Tapia v Dattco, Inc., 32 AD3d 842, 844 [2d Dept 2006]).
Our determination with respect to the issue of causation renders moot plaintiff's further contention that the court erred in denying those parts of her motion for a directed verdict on the issues of serious injury and negligence (see Cummings v Jiayan Gu, 42 AD3d 920, 923 [4th Dept 2007]; see also Boehm v Rosario, 154 AD3d 1298, 1299 [4th Dept 2017]).
For reasons similar to those discussed above with respect to the issue of causation, we reject plaintiff's contention that the court erred in refusing to set aside the verdict and to direct judgment in her favor or, alternatively, to order a new trial (see CPLR 4404 [a]). We conclude that a fair interpretation of the evidence supports the jury's conclusion (see Sanchez v Dawson, 120 AD3d 933, 934 [4th Dept 2014]; Barrow v Dubois, 82 AD3d 1685, 1686 [4th Dept 2011]).
Plaintiff further contends that the court abused its discretion in redacting a portion of the orthopedic surgeon's videotaped deposition. In that portion of the deposition, the surgeon used a video of an arthroscopic surgery to explain the surgery that he performed on plaintiff. The surgeon testified, however, that the surgery depicted in the video was different in nature from the surgery performed on plaintiff, and thus the court in its discretion may have concluded that the video could serve to mislead or confuse the jury (cf. Blanchard v Whitlark, 286 AD2d 925, 926-927 [4th Dept 2001]). We therefore cannot say "that the court abused its discretion in redacting [those] portions of the recorded testimony" (Nary v Jonientz, 110 AD3d 1448, 1449 [4th Dept 2013]).
Plaintiff failed to preserve for our review her remaining contentions that the court abused its discretion in admitting her medical records in evidence inasmuch as she did not object to the challenged evidence on the specific grounds that she now raises on appeal (see id. at 1448).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court