Hubbard v New York State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr. (2021 NY Slip Op 01661)





Hubbard v New York State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.


2021 NY Slip Op 01661


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1050 CA 19-01135

[*1]JOSEPH H. HUBBARD, PLAINTIFF-APPELLANT,
v
NEW YORK STATE OFFICE OF MENTAL HEALTH, CENTRAL NEW YORK PSYCHIATRIC CENTER, PATRICIA BARDO, MAUREEN BOSCO, MARY CARLI, COREY CONLEY, AND DONALD SAWYER, DEFENDANTS-RESPONDENTS. 






BOSMAN LAW, L.L.C., BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Oneida County (David A. Murad, J.), entered March 14, 2019. The judgment dismissed plaintiff's amended and supplemental complaint in its entirety. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by denying that part of the motion for a directed verdict with respect to the fourth cause of action except insofar as asserted against defendant Mary Carli and reinstating the third through sixth and ninth through twelfth causes of action except insofar as asserted against Carli, and a new trial is granted on those causes of action and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff, an Iraq War veteran suffering from posttraumatic stress disorder, commenced this action alleging, inter alia, employment discrimination based upon military status and disability and retaliation. Following a trial, the jury returned a verdict in favor of defendants. Plaintiff now appeals from the ensuing judgment.
In his "amended and supplemental complaint," plaintiff asserted 15 causes of action based upon various federal and state statutes, including the Rehabilitation Act of 1973 (Rehabilitation Act) (29 USC § 701 et seq.). Before trial, plaintiff stipulated to the dismissal of the first, eighth, and thirteenth causes of action, and Supreme Court additionally dismissed the seventh, fourteenth, and fifteenth causes of action. Those causes of action were asserted against defendants New York State Office of Mental Health (OMH) and Central New York Psychiatric Center (CNYPC) only, and were dismissed on the ground that the Court of Claims had exclusive jurisdiction.
The trial testimony of plaintiff established that he was formerly employed as a security hospital treatment assistant (SHTA) at CNYPC and that, during his employment, he applied for the position of senior SHTA on several occasions, only to be rejected each time. After plaintiff filed a complaint with the Equal Employment Opportunity Commission, defendants continued to reject his applications for promotion. Other witnesses who testified on plaintiff's behalf included five persons currently or formerly employed in the position of senior SHTA or supervisor SHTA. One senior SHTA testified that plaintiff had not been promoted because "[t]here was a question after [his] military service about his stability, mental stability." One supervisor SHTA testified that defendant Patricia Bardo, CNYPC's director of human resources, told him something to the effect that plaintiff's application had been "set . . . aside . . . because he's suing [CNYPC]."
Following the close of all proof, defendants moved for a directed verdict. The court granted the motion in part, dismissing the causes of action for discrimination and retaliation based on military status and all causes of action insofar as asserted against defendant Mary Carli. [*2]In summation, defendants' attorney argued that plaintiff had to meet his burden of proof before "Bardo, for example, can be forced to open up her checkbook and write somebody a check." Plaintiff's attorney made a contemporaneous objection and, following the completion of summations, requested a curative instruction. Plaintiff's attorney argued that the remark was prejudicial, particularly in light of Public Officers Law § 17, which provides for indemnification of state officers and employees, such as the individual defendants. The court denied plaintiff's request on the ground that the individual defendants "can be on the hook for damages." The causes of action based on disability were submitted to the jury, which returned a verdict in favor of defendants.
Plaintiff contends that the court erred in dismissing the seventh and fourteenth causes of action. More particularly, plaintiff contends that Supreme Court has jurisdiction over claims against state entities based on the Rehabilitation Act because the state has waived its sovereign immunity by accepting federal funds. We reject that contention. The federal statute upon which plaintiff relies provides in relevant part that states receiving federal financial assistance "shall not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of" the Rehabilitation Act (42 USC § 2000d-7 [a] [1]). The statute by its own terms applies only to federal courts. Moreover, the Eleventh Amendment preserves the state's sovereign immunity from suit in federal courts (see Edelman v Jordan, 415 US 651, 662-663 [1974]; Hans v Louisiana, 134 US 1, 10 [1890]), and in no way implicates the state's sovereign immunity from suit in its own courts, which is derived not from the US Constitution, but from the ancient common law (see Glassman v Glassman, 309 NY 436, 440 [1956]). Significantly, all of the cases upon which plaintiff relies are unpublished cases from United States District Courts. In light of the unambiguous statutory language, any pronouncement by those courts that New York has waived its sovereign immunity from suit must be understood to apply only in federal court. Nevertheless, New York waived sovereign immunity from actions principally to recover money damages long ago on the condition that the claimants bring suit in the Court of Claims (see Court of Claims Act §§ 8, 9). Thus, "[t]he Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, officials, and employees acting in their official capacity in the exercise of governmental functions" (Byvalets v State of New York, 171 AD3d 1125, 1126 [2d Dept 2019]; see Morell v Balasubramanian, 70 NY2d 297, 300 [1987]).
Plaintiff further contends that the court erred in granting defendants' motion for a directed verdict with respect to plaintiff's cause of action under the New York Human Rights Law alleging discrimination based on military status, i.e., the fourth cause of action. We agree. Initially, we note that plaintiff does not contend that the court erred in granting the motion for a directed verdict with respect to Carli, and therefore we deem any challenge thereto to be abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). A directed verdict is properly granted where, " 'upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In determining whether to grant a motion for a directed verdict pursuant to CPLR 4401, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant' " (Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Based upon the senior SHTA's testimony that plaintiff was not promoted because "[t]here was a question after [plaintiff's] military service about his [mental] stability," the jury could have rationally inferred that defendants refused to promote plaintiff in part because they perceived that combat veterans, such as plaintiff, develop dangerous and disqualifying mental health issues as a result of their military service. Thus, "it cannot be said that 'it would . . . be utterly irrational for a jury to reach [a verdict in favor of plaintiff]' " (Polka v Mount St. Mary's Hosp. of Niagara Falls, 187 AD3d 1538, 1539 [4th Dept 2020], quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Insofar as the dissent relies on contrary testimony, such testimony merely creates a question of fact for resolution by the jury (see Wolf v Persaud, 130 AD3d 1523, 1525 [4th Dept 2015]). We therefore modify the judgment by denying that part of the motion for a directed verdict with respect to the fourth cause of action except insofar as it is asserted against Carli and reinstating that cause of action to that extent.
We further agree with plaintiff that he was denied a fair trial by the defense attorney's reference to his clients' checkbooks. As a preliminary matter, we conclude that plaintiff preserved that contention for our review by lodging a timely objection and unsuccessfully seeking a curative instruction (cf. Country Park Child Care, Inc. v Smartdesign Architecture [*3]PLLC, 129 AD3d 1636, 1637 [4th Dept 2015]; Lucian v Schwartz, 55 AD3d 687, 689 [2d Dept 2008], lv denied 12 NY3d 703 [2009]). On the merits, remarks about a party's financial status "have been universally condemned by the courts of this State" (Vassura v Taylor, 117 AD2d 798, 799 [2d Dept 1986], appeal dismissed 68 NY2d 643 [1986]; see also Leotta v Plessinger, 8 NY2d 449, 461 [1960], rearg denied 9 NY2d 688 [1961], mot to amend remittitur granted 9 NY2d 686 [1961]; Constable v Matie [appeal No. 3], 199 AD2d 1004, 1005 [4th Dept 1993]). The defense attorney's argument that his clients should not be "forced to open [their] checkbook" likely conveyed that the individual defendants would be required to pay any damages out-of-pocket. That remark was "grossly improper" (Vassura, 117 AD2d at 799) and "may very well have engendered sympathy in the jurors' minds" (Rendo v Schermerhorn, 24 AD2d 773, 773 [3d Dept 1965]). Moreover, it misrepresented the law to the jury. The State has a duty to indemnify its employees for judgments that arise out of actions within the scope of their public duties, although that duty does not arise from injury or damage resulting from intentional wrongdoing on the part of the employee (see Public Officers Law § 17 [3] [a]). We conclude, under the circumstances, that the defense attorney's remark deprived plaintiff of a fair trial (see Depelteau v Ford Motor Co., 28 AD2d 1178, 1179 [3d Dept 1967]; Rendo, 24 AD2d at 773; cf. Boehm v Rosario, 154 AD3d 1298, 1298 [4th Dept 2017]). Therefore, we further modify the judgment by reinstating the third, fifth, sixth and ninth through twelfth causes of action except insofar as they are asserted against Carli, and we grant a new trial on those causes of action (see generally Rendo, 24 AD2d at 773).
Because a new trial is required, we address plaintiff's challenges to the jury instructions in the interest of judicial economy, and we reject plaintiff's contentions in that regard. With respect to plaintiff's request for a missing witness charge, we note that plaintiff failed to name or identify the supervisor SHTAs who defendants failed to call as witnesses and thereby failed to demonstrate that the witnesses were available and under defendants' control (cf. R. T. Cornell Pharmacy v Guzzo, 135 AD2d 1000, 1001-1002 [3d Dept 1987], appeal dismissed 71 NY2d 928 [1988]; see generally People v Gonzalez, 68 NY2d 424, 427 [1986]). The remaining challenges lack merit because the relevant portions of the jury instructions substantially conformed to the Pattern Jury Instructions and stated the relevant legal principles (see Spensieri v Lasky, 94 NY2d 231, 239-240 [1999]).
In light of our determination, we do not consider plaintiff's remaining contentions.
All concur except Curran, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and would affirm the judgment. With respect to the majority's conclusion that Supreme Court erred in granting defendants' motion for a directed verdict with respect to the fourth cause of action except insofar as asserted against defendant Mary Carli, I submit that the majority's reliance on one sentence of testimony from the senior security hospital treatment assistant (SHTA) does not warrant denying the motion to that extent. It is well settled that " 'a directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1287 [4th Dept 2014]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Here, viewed as a whole, there is no rational view of the evidence through which the jury could conclude that the one sentence of testimony from the senior SHTA supports a verdict in favor of plaintiff on the fourth cause of action, for discrimination under the New York Human Rights Law based on military status (see generally Cohen v Hallmark Cards, Inc., 45 NY2d 493, 499 [1978]; Estate of Smalley v Harley-Davidson Motor Co. Group LLC, 170 AD3d 1549, 1551 [4th Dept 2019]; City of Plattsburgh v Borner, 38 AD3d 1047, 1049 [3d Dept 2007]).
First, the senior SHTA's testimony was predicated on the expressed "concerns" of unspecified administrators about promoting plaintiff. Second, the brief testimony establishing those "concerns" related to plaintiff's "mental stability" "after [his] military service," and were not about his military service per se (emphasis added). Third, the witness also testified that, after plaintiff complained about not being promoted, the witness attended a meeting with an administrator and plaintiff wherein the administrator expressed concern that plaintiff "might not be stable enough" for the promotion. Fourth, the senior SHTA testified that he did not think "anybody negatively looked at [plaintiff] because he served" in the military and never heard any "negative comments [about plaintiff] because of his military service." Thus, when the evidence is viewed in totality, the one sentence of testimony from the senior SHTA that has been identified [*4]by the majority does not warrant a new trial on the causes of action for discrimination based on military status because it does not rationally permit the inference that plaintiff was not promoted due to his military status (see generally Montas v JJC Constr. Corp., 92 AD3d 559, 560-561 [1st Dept 2012], affd 20 NY3d 1016 [2013]).
I also respectfully disagree with the majority that plaintiff is entitled to a new trial due to defense counsel's improper comment on summation. Plaintiff effectively waived his objection to the challenged remark by not moving for a mistrial and choosing instead to "speculate upon a favorable verdict" (Virgo v Bonavilla, 49 NY2d 982, 984 [1980]). In any event, "the single instance of alleged misconduct of . . . [defense counsel] was not so egregious or prejudicial as to deny [plaintiff] his right to a fair trial" (Matter of State of New York v Chrisman, 75 AD3d 1057, 1058 [4th Dept 2010]; see generally Dennis v Massey, 134 AD3d 1532, 1533 [4th Dept 2015]; Guthrie v Overmyer, 19 AD3d 1169, 1171 [4th Dept 2005]). The single challenged comment, which implied that the individual defendants would have to pay damages out-of-pocket, although improper, was not "so flagrant or excessive" to warrant a new trial (Backus v Kaleida Health, 91 AD3d 1284, 1287 [4th Dept 2012] [internal quotation marks omitted]).
Further, the court did not err in refusing to give the jury a curative instruction advising them, inter alia, that the "defendants are indemnified" by the State of New York (see generally Jarvis v LaFarge N. Am., Inc. [appeal No. 4], 52 AD3d 1179, 1181 [4th Dept 2008], lv denied 11 NY3d 707 [2008]). Any such instruction would have been an incorrect statement of the law inasmuch as plaintiff was seeking, inter alia, punitive damages for the individual defendants' intentional wrongdoing, which is not subject to indemnification by the State (see Public Officers Law § 17 [3] [a]). In short, I perceive no basis on this record upon which to conclude that the single comment made by defense counsel on summation, and the court's failure to issue the requested curative instruction, deprived plaintiff of a fair trial.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court