Joni C. v Cheektowaga-Sloan Union Free Sch. Dist. (2021 NY Slip Op 04859)





Joni C. v Cheektowaga-Sloan Union Free Sch. Dist.


2021 NY Slip Op 04859


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


584 CA 20-00673

[*1]JONI C., AS PARENT AND NATURAL GUARDIAN OF M.C., PLAINTIFF-RESPONDENT,
v
CHEEKTOWAGA-SLOAN UNION FREE SCHOOL DISTRICT, DEFENDANT-APPELLANT. 






BAXTER SMITH & SHAPIRO, P.C., BUFFALO (ARTHUR J. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE BENDER LAW FIRM, PLLC, BUFFALO (PAUL A. BENDER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered March 4, 2020. The order and judgment awarded plaintiff the sum of $130,502.16 together with costs and interest against defendant. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, defendant's motion for a directed verdict is granted and the complaint is dismissed.
Memorandum: On appeal from an order and judgment entered after a jury trial, defendant contends that Supreme Court erred in, among other things, denying its motion for a directed verdict. We agree.
Plaintiff initiated this personal injury action on behalf of her daughter, whom plaintiff alleged had been exposed to a loud noise during the administration of a test in the daughter's school auditorium. Plaintiff's proof at trial established that, at one point during the testing period, a school faculty member spoke into a microphone and instructed students to "be quiet," the loudness of which, according to plaintiff, caused her daughter's injury. The proof at trial also established, however, that plaintiff's daughter was 75 to 100 feet away from the speakers at the time, that many other students were closer to the speakers than she was, and that no one else in a room of over 100 persons suffered injury. Defendant moved for a directed verdict at the close of plaintiff's proof and at the conclusion of trial and, after the jury found in favor of plaintiff, defendant moved to set aside the verdict. The court denied each of defendant's motions.
We agree with defendant that the court erred in denying its motion for a directed verdict. In order to prevail on a negligence claim, " 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom' " (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016], rearg denied 28 NY3d 956 [2016]). On appeal, defendant disputes the element of breach only. To that end, the standard to which defendant and its employees are held is "that degree of care which a reasonable [parent] of ordinary prudence would exercise under the circumstances, commensurate with the apparent risk involved" (Mikula v Duliba, 94 AD2d 503, 506 [4th Dept 1983]; see Abrams v Bute, 138 AD3d 179, 183-184 [2d Dept 2016], lv denied 28 NY3d 910 [2016]; Norton v Canandaigua City School Dist., 208 AD2d 282, 285 [4th Dept 1995], lv denied 85 NY2d 812 [1995], rearg denied 86 NY2d 839 [1995]). Further, "[w]hen a duty exists, nonliability in a particular case may be justified on the basis that an injury is not foreseeable" (Pulka v Edelman, 40 NY2d 781, 786 [1976], rearg denied 41 NY2d 901 [1977]; see Palsgraf v Long Is. R.R. Co., 248 NY 339, 344 [1928], rearg denied 249 NY 511 [1928]).
Here, although the proof at trial reflected that a school faculty member had "yelled" two words into a microphone and "was really loud" in doing so, there was no proof presented that those words were spoken in a manner or at a volume that was unreasonable, foreseeably unsafe, or in violation of any applicable standard of care. In other words, "[w]ithout knowing what is 'too loud'," "there [was] no standard of care by which a jury could determine on the evidence presented that defendant[] had breached a duty owed to plaintiff" (Powell v Metropolitan Entertainment Co., 195 Misc 2d 847, 850 [Sup Ct, NY County 2003]). Because there was no "rational process by which the [jury] could base a finding in favor of [plaintiff]" on the element of breach, we conclude that the court erred in denying defendant's motion for a directed verdict (Hubbard v New York State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr., 192 AD3d 1586, 1588 [4th Dept 2021]; see CPLR 4401).
In light of that conclusion, we do not address defendant's remaining contentions.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court